IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ELAINE HALE, Individually and as Administratrix of the Estate of Derek J. Hale, DENNIS W. HALE, and CONNIE M. HALE,** | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | C.A.No. |
| Lieutenant WILLIAM BROWN; Chief MICHAEL J. SZCZERBA, in his official capacity; CITY OF WILMINGTON, a municipal corporation; Lieutenant PATRICK OGDEN; Sergeant DARREN LESTER; Sergeant RANDALL HUNT; Sergeant ALBERT PARTON; Detective VINCENT CLEMONS; Detective DAVID CHORLTON; Captain CHARLES J. SIMPSON; Major ALBERT HOMIAK; Major JOSEPH PAPILI; Colonel THOMAS F. MacLEISH, individually and in his official capacity; DIVISION OF STATE POLICE, DEPARTMENT OF SAFETY AND HOMELAND SECURITY, STATE OF DELAWARE; JOHN DOES 1-10 (Currently Unknown WPD Police Officers) and Richard ROES 1 – 10 (Currently Unknown DSP Police Officers), | : : : : : : : : : : : : : : : : | Jury Trial Demanded |
| Defendants. | : | |

**NOTICE OF INTENT**

Pursuant to D.Del. LR 16.1(a)(1), Plaintiffs submit this Notice of Intent and seek a determination of complexity under 28 U.S.C. § 473(a)(2)(B). In support of this request, Plaintiffs assert the following.

Factors relevant to a determination of complexity are set forth in D.Del. LR 16.1(a)(2).

-1-

1. **The Number of Parties.**  This case involves thirty-four police and other law enforcement defendants.

2. **The Nature and Number of Legal Issues.**  This case involves a large number of legal issues, including: (1) Fourth Amendment excessive force in tasering Derek Hale three times; (2) Fourth Amendment excessive force in subsequently shooting Derek Hale three times; (3) Fourth Amendment conspiracy for the complex sequence and series of events that led to the tasering and shooting of Derek Hale; (4) Fourth Amendment illegal search and seizure in the submission of intentional and knowing fabricated evidence to a fellow law enforcement agency in Virginia for submission to a Virginia judge to obtain a probable cause finding for a search warrant of plaintiff Elaine Hale's home; (5) Excessive force in violation of section 6 of the Delaware Constitution of 1897; (6) Assault and battery under the common law of the State of Delaware; and (7) survival and wrongful death actions under the statutory law of the State of Delaware.

3. **The Nature and Extent of the Factual Issues.**  The extensive factual issues that must be explored in this case are contained in the 45 page, 200 paragraph Complaint that is being contemporaneously filed.

4. **The Nature and Extent of Discovery.**

   a. **The Number of Deposition Witnesses.**  The sheer number of depositions required to simply pin down the parties is voluminous. In addition to the 34 defendants, and multiple plaintiffs, numerous civilian eye-witnesses will have to be deposed. Additionally, many of the fact witnesses relevant to the illegal search and seizure issue are located in the Commonwealth of Virginia.

   b. **The Number of Documents.**  Independent investigations into many of the

actions underlying this lawsuit are being conducted by the State of Delaware Attorney General's Office, the City of Wilmington Solicitor's Office, the Wilmington Police Department's ("WPD") Homicide unit and by the WPD's Internal Affairs Unit. Each of these investigations has resulted in independent and multiple interviews with numerous fact witnesses that have been record by stenographic, audio and video means. This voluminous record will have to be reviewed, analyzed and mastered.

Similarly, given the police agencies involved, the extensive paper record created by the investigative, surveillance and tactical units involved during the relevant time period also will have to be reviewed, analyzed and mastered. By way of further explanation, each and every police officer involved in a use of force incident is required to create extensive paper reports, memorializing all aspects of the incident under review. Similarly, prior to all police missions, briefings and other paper records are created and used to brief tactical teams before they are dispatched on a mission. These and numerous other internal police documents, such as use of force policies, will have to be obtained.

Because of the centrality of issues revolving the use of tasers that this case presents, the paper and records for Taser International's extensive and mandatory training program for police agencies also will need to be obtained.

**5. Difficulties in Developing Evidence.** As occurs in nearly every case involving the inner workings of a police or law enforcement agency, it is reasonably expected that defendants, the State and City will stridently resist turning over all internal documents to plaintiffs, raising various claims of privilege. Given the sheer scope of documents at issue, this will necessitate many discovery conferences with the court, as already contemplated by D.Del. LR 16.1(b)(1) &

(2).

Similarly, several of the individual police officer defendants have a history of recorded police and excessive force misconduct and it is reasonably expected that this history will be documented in their personnel and other confidential files in the possession of the defendant agencies. Claims of privilege under the Law Enforcement Officers' Bill of Rights, 11 Del.C. § 9200, et seq., will have to be resolved by Court intervention to determine the discoverability of such records.

**6. The Need for Expert Evidence.** Even at this early stage, plaintiffs have determined that they will be presenting experts in at least the following areas: (1) use of tasers; (2) use of force by police officers; (3) vocational; and (4) economist. It is likely that the need for additional experts will be identified as discovery progresses.

**7. Conclusion.** In light of these factors, plaintiffs respectfully submit that the ends of justice require that this case receive a designation of complexity.

**Respectfully Submitted,**

**THE NEUBERGER FIRM, P.A.**

/s/ Stephen J. Neuberger
**THOMAS S. NEUBERGER, ESQUIRE (#243)**
**STEPHEN J. NEUBERGER, ESQUIRE (#4440)**
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

**ARNOLD & PORTER L.L.P.**

**RANDAL SHAHEEN, ESQ.**

**RYAN RICHARDSON, ESQ.**
**JENNIFER RISEN, ESQ.**
**ALEXANDER MAJOR, ESQ.**
555 12th Street, NW
Washington, DC  20004
202 942 5000 (phone)
202 942 5999 (fax)

**OF COUNSEL:**

**JOHN W. WHITEHEAD, ESQ.**
**DOUGLAS MCKUSICK, ESQ.**
**THE RUTHERFORD INSTITUTE**
P.O. Box 7482
Charlottesville, Virginia  22906
(434) 978 3888

*Attorneys for Plaintiffs Elaine Hale and the Estate of Derek J. Hale and cooperating attorneys for The Rutherford Institute*

**JACOBS & CRUMPLAR, P.A.**

 /s/ Robert Jacobs
**ROBERT JACOBS, ESQUIRE (#244)**
**THOMAS C. CRUMPLAR, ESQUIRE (#942)**
Two East Seventh Street, Suite 400
Wilmington, DE 19801
(302) 656-5445
Bob@JandCLaw.com
Tom@JandCLaw.com

*Attorneys for Plaintiffs Dennis W. Hale and Connie M. Hale*

Dated: March 23, 2007