IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAINE HALE, Individually and as Administratrix of the Estate of Derek J. Hale, DENNIS W. HALE, and CONNIE M. HALE,<br><br>    Plaintiffs,<br><br>v.<br><br>Lieutenant WILLIAM BROWN; Sergeant ANGEL ALVERIO; Corporal HECTOR CUADRADO; Corporal ROBERT CUNNINGHAM; Corporal CHARLES EMORY, JR.; Corporation MITCHELL RENTZ; Corporal JEFFREY SILVERS; Corporal JOSEPH LEARY; Corporal RANDOLPH PFAFF; Corporal DANNY SILVA; Chief MICHAEL J. SZCZERBA, in his official capacity; CITY OF WILMINGTON, a municipal corporation; Lieutenant PATRICK OGDEN; Sergeant DARREN LESTER; Sergeant RANDALL HUNT; Sergeant ALBERT PARTON; Detective VINCENT CLEMONS; Detective DAVID CHORLTON; Captain CHARLES J. SIMPSON; Major ALBERT HOMIAK; Major JOSEPH PAPILI; Colonel THOMAS F. MacLEISH, individually and in his official capacity; DIVISION OF STATE POLICE, DEPARTMENT OF SAFETY AND HOMELAND SECURITY, STATE OF DELAWARE,<br><br>    Defendants. | Case No. 07-166-***<br><br>**JURY TRIAL DEMANDED** |

**ANSWER OF DEFENDANTS**

Defendants William Brown, Angel Alverio, Hector Cuadrado, Robert Cunningham, Charles Emory, Jr., Mitchell Rentz, Jeffrey Silvers, Joseph Leary, Randolph Pfaff, Danny Silva, Michael J. Szczerba and City of Wilmington ("Defendants") for their answer to the First Amended Complaint ("Complaint") of plaintiffs state as follows:

1. Denied.

2. It is admitted that the confrontation between Hale and police took place during the daylight hours. The remaining allegations in this paragraph of the Complaint are denied.

3. Denied.

4. Denied.

5. It is admitted that this Court has jurisdiction to entertain this matter. All other allegations, if any, are denied.

6. Defendants admit that the plaintiffs filed a notice of claim with the City Solicitor of the City of Wilmington. They are without sufficient knowledge or information so as to be able to form a belief as to the truth of the remaining averments contained in this paragraph of the Complaint.

7. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

8. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

9. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

10. It is admitted that Defendant Brown was a Lieutenant in the Wilmington Police Department and a SWAT team Commander. It is admitted that Defendant Brown is a citizen of the State of Delaware. It also is admitted that, while reasonably fearing for the life of a fellow officer, Defendant Brown shot and killed Hale. It is also admitted that Defendant Brown is sued in his individual capacity. The remaining allegations in this paragraph of the Complaint are denied.

RLF1-3140011-2

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

24. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

25. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

26. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

27. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

RLF1-3140011-2

28. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

29. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

30. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

31. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

32. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

33. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

34. It is admitted that the Division of State Police, Department of Safety and Homeland Security, State of Delaware was and is a state agency. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the remaining averments contained in this paragraph of the Complaint.

35. It is admitted that this Defendant was acting under color of state law. The remaining allegations in this paragraph of the Complaint are denied.

36. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

37. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

38. It is admitted that Hale was a member of the Pagan motorcycle club. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the remaining averments contained in this paragraph of the Complaint.

39. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

40. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

41. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

42. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

43. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

44. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

45. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

46. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

47. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

48. Denied.

49. Defendant is without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

50. Denied.

51. It is admitted that Hale was located at 1403 West 6th Street in Wilmington. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the remaining averments contained in this paragraph of the Complaint.

52. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

53. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

54. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

55. It is admitted that Hale was wearing jeans with a pullover sweatshirt with front pockets in it. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averment that an alleged eyewitness thought that Hale did not look like a gang member. The remaining allegations in this paragraph of the Complaint are denied.

56. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

57. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

58. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

RLF1-3140011-2

59. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

60. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

61. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

62. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

63. Defendants admit that the Delaware State Police had been using electronic surveillance as part of its ongoing investigation. The remaining allegations in this paragraph of the Complaint are denied.

64. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

65. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

66. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

67. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the knowledge of the Delaware State Police alleged in this paragraph of the Complaint. The remaining allegations in this paragraph of the Complaint are denied.

68. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

69. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

70. Denied.

71. Police officers decided the safest manner in which to take Hale into custody was to do so before he reentered the house or entered a motor vehicle. It was not feasible to do so if he was given a warning, nor was any warning required by law before officers arrived at the scene. Officers approached both from the east and west on sixth street. The remaining allegations in this paragraph of the Complaint are denied.

72. There was no marked vehicle nearby, but the officers verbally identified themselves as police officers and wore clothing identifying themselves as police officers. The remaining allegations in this paragraph of the Complaint are denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Defendants are without sufficient knowledge or information so as to be able to form a belief as to whether this "is a well known law enforcement tactic, generally known as 'sensory overload.'" Denied that the operation proceeded as described. Denied that the method of proceeding was "intended to overwhelm an individual's auditory and visual senses, so as to stop the brain from responding . . . ." All other allegations, if any, are denied.

80. Denied, particularly where doing so presents unacceptable risks. Denied, under the circumstances presented in this case, that proceeding as described in this paragraph would have been appropriate. All other allegations, if any, are denied.

81. Denied.

82. Denied.

83. Denied.

84. Admitted that WPD "rules and regulations" speak for themselves. All other allegations, if any, are denied.

85. Denied.

86. Denied.

87. Denied.

88. Admitted that Tasers, under certain conditions, can momentarily immobilize an individual. It is further admitted that Hale withdrew his right hand from his pocket and removed a Taser probe from his clothing. He then reinserted his right hand in his pocket. All other allegations in this paragraph of the Complaint are denied.

89. Denied.

90. Denied.

91. Denied.

92. Admitted that Hale was tasered more than once.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Admitted that the officers yelled at Hale to remove his hands from his pockets. The remaining allegations in this paragraph of the Complaint are denied.

98. Denied.

99. Admitted that Hale was tasered more than once.

100. Denied.

101. Admitted that the officers yelled at Hale to remove his hands from his pockets. The remaining allegations in this paragraph of the Complaint are denied.

102. Denied.

103. Denied.

104. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

105. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments concerning whether Ms. Lopez was terrified. The remaining allegations in this paragraph of the Complaint are denied.

106. Denied.

107. Defendant Browne fired three shots which struck Hale, and at least one of which killed him, when Hale turned toward another police officer and appeared to be putting that police officer's life in jeopardy. There was no time to shout any warning to Hale that he would be shot. The remaining allegations in this paragraph of the Complaint are denied.

108. The conditions were inappropriate for the use of pepper spray. The remaining allegations in this paragraph of the Complaint are denied.

109. Denied.

110. Admitted.

RLF1-3140011-2

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Most officers at the scene had their eyes fixed on Hale. The remaining allegations in this paragraph of the Complaint are denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied that any law enforcement standards were violated. Denied that WPD supervisors had knowledge of any need to stop their subordinates' actions. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the remaining averments contained in this paragraph of the Complaint.

127. Denied.

128. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

129. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

130. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

131. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

132. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

133. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

134. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

135. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

136. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

137. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

138. Denied.

139. Denied.

140. Denied.

141. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

142. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

143. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

144. Denied.

145. Denied.

146. Denied.

147. Admitted.

148. Denied.

149. Admitted that the conduct of the Defendants complied with the applicable policies and procedures of the WPD. All other allegations in this paragraph of the Complaint are denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Defendants incorporate by reference, as though fully set forth herein, their responses to paragraphs 1 through 160 of the Complaint.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Defendants incorporate by reference, as though fully set forth herein, their responses to paragraphs 1 through 169 of the Complaint.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Defendants incorporate by reference, as though fully set forth herein, their responses to paragraphs 1 through 180 of the Complaint.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

186. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

187. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

188. Denied.

189. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

190. Defendants incorporate by reference, as though fully set forth herein, their responses to paragraphs 1 through 189 of the Complaint.

191. The allegations of paragraph 191 of the Complaint are not directed to Defendants and no responsive pleading is necessary. To the extent a response is required, Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

192. The allegations of paragraph 192 of the Complaint are not directed to Defendants and no responsive pleading is necessary. To the extent a response is required, Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

RLF1-3140011-2

193. The allegations of paragraph 193 of the Complaint are not directed to Defendants and no responsive pleading is necessary. To the extent a response is required, Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

194. The allegations of paragraph 194 of the Complaint are not directed to Defendants and no responsive pleading is necessary. To the extent a response is required, Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the averments contained in this paragraph of the Complaint.

195. Defendants incorporate by reference, as though fully set forth herein, their responses to paragraphs 1 through 194 of the Complaint.

196. Denied.

197. Defendants incorporate by reference, as though fully set forth herein, their responses to paragraphs 1 through 196 of the Complaint.

198. Denied.

199. Denied.

200. Denied.

201. Defendants incorporate by reference, as though fully set forth herein, their responses to paragraphs 1 through 200 of the Complaint.

202. Denied.

203. Denied.

204. Denied.

205. Denied.

206. Denied.

RLF1-3140011-2

207.   Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Official Immunity)

The individual defendants are immune from suit and an award of damages with respect to plaintiffs' federal claims by virtue of the doctrine of official immunity.

### SECOND AFFIRMATIVE DEFENSE
(State Law Immunity)

The individual defendants are immune from suit and an award of damages with respect to plaintiffs' state law claims by virtue of 10 *Del. C.* § 4011.

### THIRD AFFIRMATIVE DEFENSE
(State Law Immunity)

To the extent that the Amended Complaint alleges a state law claim for damages against the City of Wilmington, this defendant is immune from suit and damages by virtue of 10 *Del. C.* § 4011.

### FOURTH AFFIRMATIVE DEFENSE
(Limitation on Damages for State Law Claims)

Damages, if any, for plaintiffs' state law claims are limited to $300,000 by virtue of 10 *Del. C.* § 4013.

WHEREFORE, Defendants pray that the claims against them be denied with costs assessed against plaintiffs.

RLF1-3140011-2

OF COUNSEL:

Rosamaria Tassone
City of Wilmington Law Department
City/County Building, 9th Floor
800 N. French Street
Wilmington, Delaware 19801
302-576-2175

/s/ John A. Parkins
John A. Parkins, Jr. (#859)
C. Malcolm Cochran, IV (#2377)
Steven J. Fineman (#4025)
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
302-651-7700
Parkins@rlf.com
Cochran@rlf.com
Fineman@rlf.com
Attorneys for Defendants William Brown, Angel Alverio, Hector Cuadrado, Robert Cunningham, Charles Emory, Jr., Mitchell Rentz, Jeffrey Silvers, Joseph Leary, Randolph Pfaff, Danny Silva, Michael J. Szczerba and City of Wilmington

Dated: June 15, 2007

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Thomas S. Neuberger, Esquire
The Neuberger Firm, P.A.
Two East Seventh Street
Suite 302
Wilmington, DE 19801

Ralph K. Durstein, III, Esquire
Department of Justice
Carvel State Office Building
820 N. French Street
Wilmington, DE 19801

_____
John A. Parkins (#859)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
parkins@rlf.com