# THE NEUBERGER FIRM
## ATTORNEYS AND COUNSELLORS AT LAW

TWO EAST SEVENTH STREET
SUITE 302
WILMINGTON, DELAWARE 19801-3707

WWW.NEUBERGERLAW.COM
EMAIL: INFO@NEUBERGERLAW.COM

THOMAS S. NEUBERGER, ESQUIRE
STEPHEN J. NEUBERGER, ESQUIRE
RAEANN WARNER, ESQUIRE
CHERYL A. HERTZOG, ESQUIRE*
    *(Licensed in PA and NJ only)

PHONE: (302) 655-0582
FAX: (302) 655-9329

August 2, 2007

**<u>Via CM/ECF Filing</u>**

The Honorable Mary Pat Thynge
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

RE:    **<u>Hale, et al. v. Browne, et al.,</u>** C.A. No. 07-166-***

Dear Judge Thynge:

    This letter is submitted in accord with the Court's Order dated June 27, 2007 (D.I. 35), in anticipation of the Tuesday, August 7, 2007, Rule 16 scheduling teleconference.  In addition to my co-counsel Arnold & Porter,  Jacobs & Crumplar - counsel for the two plaintiffs not represented by my office - also join in this letter.  Defendants will be submitting a separate letter with a proposed Order.

    This is an excessive force case arising from the killing of the deceased by the police. There are four plaintiffs, at present 24 defendants and over a dozen fact witnesses on the scene. At least five experts will be needed on the use of deadly force, the use of tasers, a vocational expert, an economist and medical experts.  The documentary record is extraordinary.

    The parties have engaged in good faith discussions for the last several weeks over a discovery plan and proposed Scheduling Order but have been unable to reach agreement due to the parties' conceptual approaches being fundamentally at odds.  Accordingly, I submit this letter outlining the conceptual disagreements.

    Contemporaneous with the March 23, 2007, filing of this case, plaintiffs filed a Notice of Intent pursuant to then existing D.Del. LR 16.1(a)(1),[1] seeking a determination of complexity

---

    [1]  The Local Rules were subsequently amended and extensively revised effective June 30, 2007.

The Honorable Mary Pat Thynge
August 2, 2007
Page 2

under 28 U.S.C. § 473(a)(2)(B).  (D.I. 2 - Tab A).  The Delaware State Police ("DSP") and the Wilmington Police Department ("WPD") defendants informed plaintiffs in writing, on July 16th and July 24th respectively, that they did not oppose the complex case designation. (Tab B).

In light of the admitted complexity of this case, plaintiffs have carefully crafted a three tiered discovery approach, reflected in plaintiffs' proposed scheduling order, attached at Tab C. First, an eight month period of document discovery ending April 8, 2008.  Second, a twelve month period of deposition discovery ending April 8, 2009.  Lastly, a four month period of expert discovery ending August 7, 2009.  The discovery cut-off would be August 7, 2009 with case dispositive motions to follow on September 18, 2009.  As outlined in the Notice of Intent, such an orderly approach is necessary due to the voluminous factual record that must be developed, analyzed and mastered such that the completion of each initial discovery phase will allow for the orderly effectuation of the next.

As to documents, in addition to the reports, wiretaps and rest of the documentary record leading up to the incidents underlying this case, it is plaintiffs' understanding that at least four separate and independent law enforcement investigations have subsequently occurred, each of which resulted in its own voluminous record of interview transcripts of party and fact witnesses, investigative documents and other reports.  Once that record is compiled and analyzed, there are presently 24 defendants who must be deposed and their involvement explored in light of this preexisting documentary record.  Then numerous civilian fact witnesses also must be identified and deposed.  After that overall record is compiled, it must be sent to the various expert witnesses on use of force, Tasers, and other subjects for review and analysis.

As a result, plaintiffs believe that the three tiered discovery process outlined in their proposed Scheduling Order is appropriate and would facilitate an orderly flow of discovery.

Conversely, defendants believe that a single eleven month phase of fact discovery is appropriate using the following dates:

> End of fact discovery - July 1, 2008.
> Initial expert reports - August 1, 2008
> Rebuttal expert reports - September 30, 2008
> Complete expert depositions - December 1, 2008.
> Dispositive motions (with opening brief) - August 1, 2008.
> Answering brief - September 1, 2008.
> Reply brief - September 22, 2008.

Plaintiffs believe that such an approach does not allow for sufficient time to address and explore the complex factual record and other issues in this case.

The Honorable Mary Pat Thynge
August 2, 2007
Page 3


     The parties respectfully request the Court's guidance in resolving this dispute.


Respectfully submitted,

/s/ Stephen J. Neuberger

Attorney for Plaintiff

cc:    Thomas S. Neuberger, Esq. (via CM/ECF)
       Robert Jacobs, Esq. (via CM/ECF)
       Thomas C. Crumplar, Esq. (via CM/ECF)
       Arnold & Porter (via e-mail)
       John Parkins, Esq. (via CM/ECF)
       Ralph H. Durstein, III, Esq. (via CM/ECF)

Hale \ Letters \ Thynge.01

The Honorable Mary Pat Thynge
August 2, 2007
Page 4


Tab A - Notice of Intent (D.I. 2).

Tab B - e-mails from defense counsel agreeing to the complexity designation

Tab C - Plaintiffs' Proposed Rule 16 Scheduling Order (draft 5)

# Tab A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ELAINE HALE, Individually and as          :
Administratrix of the Estate of Derek J. Hale,   :
DENNIS W. HALE, and CONNIE M. HALE,      :
                                          :
    Plaintiffs,                          :
                                          :
    v.                                   :        C.A.No.
                                          :
Lieutenant WILLIAM BROWN; Chief MICHAEL   :
J. SZCZERBA, in his official capacity; CITY OF   :
WILMINGTON, a municipal corporation;      :
Lieutenant PATRICK OGDEN; Sergeant        :
DARREN LESTER; Sergeant RANDALL HUNT;     :
Sergeant ALBERT PARTON; Detective VINCENT :        **Jury Trial Demanded**
CLEMONS; Detective DAVID CHORLTON;        :
Captain CHARLES J. SIMPSON; Major ALBERT  :
HOMIAK; Major JOSEPH PAPILI; Colonel      :
THOMAS F. MacLEISH, individually and in his   :
official capacity; DIVISION OF STATE POLICE,   :
DEPARTMENT OF SAFETY AND HOMELAND         :
SECURITY, STATE OF DELAWARE; JOHN         :
DOES 1-10 (Currently Unknown WPD Police   :
Officers) and Richard ROES 1 – 10 (Currently   :
Unknown DSP Police Officers),             :
                                          :
    Defendants.                          :

## NOTICE OF INTENT

       Pursuant to D.Del. LR 16.1(a)(1), Plaintiffs submit this Notice of Intent and seek a

determination of complexity under 28 U.S.C. § 473(a)(2)(B).  In support of this request, Plaintiffs

assert the following.

       Factors relevant to a determination of complexity are set forth in D.Del. LR 16.1(a)(2).

1. **The Number of Parties.**  This case involves thirty-four police and other law enforcement defendants.

2. **The Nature and Number of Legal Issues.**  This case involves a large number of legal issues, including: (1) Fourth Amendment excessive force in tasering Derek Hale three times; (2) Fourth Amendment excessive force in subsequently shooting Derek Hale three times; (3) Fourth Amendment conspiracy for the complex sequence and series of events that led to the tasering and shooting of Derek Hale; (4) Fourth Amendment illegal search and seizure in the submission of intentional and knowing fabricated evidence to a fellow law enforcement agency in Virginia for submission to a Virginia judge to obtain a probable cause finding for a search warrant of plaintiff Elaine Hale's home; (5) Excessive force in violation of section 6 of the Delaware Constitution of 1897; (6) Assault and battery under the common law of the State of Delaware; and (7) survival and wrongful death actions under the statutory law of the State of Delaware.

3. **The Nature and Extent of the Factual Issues.**  The extensive factual issues that must be explored in this case are contained in the 45 page, 200 paragraph Complaint that is being contemporaneously filed.

4. **The Nature and Extent of Discovery.**

    a. **The Number of Deposition Witnesses.**  The sheer number of depositions required to simply pin down the parties is voluminous. In addition to the 34 defendants, and multiple plaintiffs, numerous civilian eye-witnesses will have to be deposed.  Additionally, many of the fact witnesses relevant to the illegal search and seizure issue are located in the Commonwealth of Virginia.

    b. **The Number of Documents.**  Independent investigations into many of the

actions underlying this lawsuit are being conducted by the State of Delaware Attorney General's Office, the City of Wilmington Solicitor's Office, the Wilmington Police Department's ("WPD") Homicide unit and by the WPD's Internal Affairs Unit. Each of these investigations has resulted in independent and multiple interviews with numerous fact witnesses that have been record by stenographic, audio and video means. This voluminous record will have to be reviewed, analyzed and mastered.

Similarly, given the police agencies involved, the extensive paper record created by the investigative, surveillance and tactical units involved during the relevant time period also will have to be reviewed, analyzed and mastered. By way of further explanation, each and every police officer involved in a use of force incident is required to create extensive paper reports, memorializing all aspects of the incident under review. Similarly, prior to all police missions, briefings and other paper records are created and used to brief tactical teams before they are dispatched on a mission. These and numerous other internal police documents, such as use of force policies, will have to be obtained.

Because of the centrality of issues revolving the use of tasers that this case presents, the paper and records for Taser International's extensive and mandatory training program for police agencies also will need to be obtained.

**5. Difficulties in Developing Evidence.** As occurs in nearly every case involving the inner workings of a police or law enforcement agency, it is reasonably expected that defendants, the State and City will stridently resist turning over all internal documents to plaintiffs, raising various claims of privilege. Given the sheer scope of documents at issue, this will necessitate many discovery conferences with the court, as already contemplated by D.Del. LR 16.1(b)(1) &

(2).

Similarly, several of the individual police officer defendants have a history of recorded police and excessive force misconduct and it is reasonably expected that this history will be documented in their personnel and other confidential files in the possession of the defendant agencies.  Claims of privilege under the Law Enforcement Officers' Bill of Rights, 11 Del.C. § 9200, et seq., will have to be resolved by Court intervention to determine the discoverability of such records.

6.  **The Need for Expert Evidence.**  Even at this early stage, plaintiffs have determined that they will be presenting experts in at least the following areas: (1) use of tasers; (2) use of force by police officers; (3) vocational; and (4) economist.  It is likely that the need for additional experts will be identified as discovery progresses.

7.  **Conclusion.**  In light of these factors, plaintiffs respectfully submit that the ends of justice require that this case receive a designation of complexity.

**Respectfully Submitted,**

**THE NEUBERGER FIRM, P.A.**

/s/ Stephen J. Neuberger
**THOMAS S. NEUBERGER, ESQUIRE (#243)**
**STEPHEN J. NEUBERGER, ESQUIRE (#4440)**
Two East Seventh Street, Suite 302
Wilmington, DE  19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

**ARNOLD & PORTER L.L.P.**

**RANDAL SHAHEEN, ESQ.**

-4-

**RYAN RICHARDSON, ESQ.**
**JENNIFER RISEN, ESQ.**
**ALEXANDER MAJOR, ESQ.**
555 12th Street, NW
Washington, DC  20004
202 942 5000 (phone)
202 942 5999 (fax)

**OF COUNSEL:**

**JOHN W. WHITEHEAD, ESQ.**
**DOUGLAS MCKUSICK, ESQ.**
**THE RUTHERFORD INSTITUTE**
P.O. Box 7482
Charlottesville, Virginia  22906
(434) 978 3888

*Attorneys for Plaintiffs Elaine Hale and the Estate*
*of Derek J. Hale and cooperating attorneys for The*
*Rutherford Institute*

**JACOBS & CRUMPLAR, P.A.**

 /s/ Robert Jacobs
**ROBERT JACOBS, ESQUIRE (#244)**
**THOMAS C. CRUMPLAR, ESQUIRE (#942)**
Two East Seventh Street, Suite 400
Wilmington, DE 19801
(302) 656-5445
Bob@JandCLaw.com
Tom@JandCLaw.com

*Attorneys for Plaintiffs Dennis W. Hale and*
*Connie M. Hale*

Dated: March 23, 2007

# Tab B

## Stephen J. Neuberger

**From:** Durstein III Ralph (DOJ) [Ralph.Durstein@state.de.us]
**Sent:** Monday, July 16, 2007 4:37 PM
**To:** Stephen J. Neuberger; parkins@RLF.com; Cochran@RLF.com; Fineman@RLF.com
**Cc:** Hale case 2; Thomas S. Neuberger; Robert Jacobs; Thomas Crumplar; Cheryl Hertzog; Pete Penna
**Subject:** RE: Hale - Complex Case Designation

**I don't oppose the complex case designation under Local Rule 16.1.**

**Dirk Durstein**
**Deputy Attorney General**
-----Original Message-----
**From:** Stephen J. Neuberger [mailto:SJN@neubergerlaw.com]
**Sent:** Monday, July 16, 2007 4:29 PM
**To:** parkins@RLF.com; Cochran@RLF.com; Fineman@RLF.com; Durstein III Ralph (DOJ)
**Cc:** Hale case 2; Thomas S. Neuberger; Robert Jacobs; Thomas Crumplar; Cheryl A. Hertzog, Esq.; Pete Penna
**Subject:** Hale - Complex Case Designation

Counsel,

We're working on putting together a draft scheduling order to send over for your review.  Before I can structure a draft from which to begin meaningful discussion, I need to know your clients' positions on the complex case issue raised in plaintiffs' Notice of Intent (D.I. 2).

Please let me know your thoughts.

-Steve

************************************
Stephen J. Neuberger, Esq.
The Neuberger Firm
Attorneys and Counsellors at Law
Two East Seventh Street, Suite 302
Wilmington, DE 19801-3707
Phone: 302-655-0582
Fax: 302-655-9329
E-Mail: SJN@NeubergerLaw.com

## Stephen J. Neuberger

**From:**    Parkins, John [parkins@RLF.com]
**Sent:**    Tuesday, July 24, 2007 2:57 PM
**To:**    Durstein III Ralph (DOJ); Stephen J. Neuberger
**Cc:**    Hale case 2; Thomas S. Neuberger; Robert Jacobs; Fineman, Steven; Thomas Crumplar; Cheryl Hertzog; Pete Penna; Cochran, C. Malcolm IV
**Subject:**    RE: Hale - Complex Case Designation

Steve:

I just got back in town.  I agree with Dirk.

John

---

Richards, Layton and Finger, P.A. is not providing any advice with respect to any federal tax issue in connection with this matter.

The information contained in this e-mail message is intended only for the use of the individual or entity named above and may be privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution or copying of this communication is strictly prohibited by law. If you have received this communication in error, please immediately notify us by return e-mail or telephone (302-651-7700) and destroy the original message. Thank you.

---

**From:** Durstein III Ralph (DOJ) [mailto:Ralph.Durstein@state.de.us]
**Sent:** Monday, July 16, 2007 4:37 PM
**To:** Stephen J. Neuberger; Parkins, John; Cochran, C. Malcolm IV; Fineman, Steven
**Cc:** Hale case 2; Thomas S. Neuberger; Robert Jacobs; Thomas Crumplar; Cheryl A. Hertzog, Esq.; Pete Penna
**Subject:** RE: Hale - Complex Case Designation

**I don't oppose the complex case designation under Local Rule 16.1.**

**Dirk Durstein**
**Deputy Attorney General**
-----Original Message-----
**From:** Stephen J. Neuberger [mailto:SJN@neubergerlaw.com]
**Sent:** Monday, July 16, 2007 4:29 PM
**To:** parkins@RLF.com; Cochran@RLF.com; Fineman@RLF.com; Durstein III Ralph (DOJ)
**Cc:** Hale case 2; Thomas S. Neuberger; Robert Jacobs; Thomas Crumplar; Cheryl A. Hertzog, Esq.; Pete Penna
**Subject:** Hale - Complex Case Designation

Counsel,

We're working on putting together a draft scheduling order to send over for your review.  Before I can structure a draft from which to begin meaningful discussion, I need to know your clients' positions on the complex case issue raised in plaintiffs' Notice of Intent (D.I. 2).

Please let me know your thoughts.

-Steve

***********************************
Stephen J. Neuberger, Esq.
The Neuberger Firm
Attorneys and Counsellors at Law
Two East Seventh Street, Suite 302
Wilmington, DE 19801-3707
Phone: 302-655-0582
Fax: 302-655-9329
E-Mail: SJN@NeubergerLaw.com

# Tab C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAINE HALE, et al., | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | C.A.No. 07-166-*** |
| v. | : | |
| | : | |
| Lieutenant WILLIAM BROWNE, et al., | : | |
| | : | **Jury Trial Demanded** |
| **Defendants.** | : | |

## PLAINTIFF'S PROPOSED RULE 16 SCHEDULING ORDER

This _____ day of August, 2007, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on August 7, 2007, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard**. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within _ten (10)_ days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. **Joinder of Other Parties and Amendment of Pleadings**. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before _January 18, 2008_.

1

3. **Discovery**.  Pursuant to 28 U.S.C. § 473, due to the nature and complexity of this case, including the number of parties, witnesses and legal issues, it is hereby designated as complex.  Accordingly, a three-tiered discovery process is imposed.

a. **Document Discovery**. The first tier shall be an eight month period of document discovery running from the date on which this order is signed until April 8, 2008.

Although it is expected and anticipated that the parties will conduct documentary discovery during this period, the parties are permitted to issue any such further discovery that becomes reasonably necessary during the subsequent periods of deposition and expert discovery.

b. **Deposition Discovery**. The second tier shall be a twelve month period of deposition discovery running from April 9, 2008 until April 8, 2009.

i. **Location of Depositions**. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

ii. **Limitation on Hours for Deposition Discovery**.  Due to the nature and complexity of this case, including the number of parties and fact witnesses, there is no formal limit on the number of depositions or hours of testimony to be taken by oral examination.

c. **Expert Discovery**. The third tier shall be a four month period of expert discovery running from April 9, 2009 until August 7, 2009.

i. **Disclosure of Expert Testimony**. For the party who has the initial

2

burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert

testimony is due on or before  May 8, 2009 . The supplemental disclosure to contradict or rebut

evidence on the same matter identified by another party is due on or before  June 30, 2009 .

Along with the submissions of the expert reports, the parties shall advise of the dates and times

of their experts' availability for deposition.  To the extent any objection to expert testimony is

made pursuant to the principles announced in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579

(1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than

the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

  ii.  **Disclosure of the Subject Matter of Expert Testimony**. On or before

 December 31, 2008 , the parties will identify the general subject matter of expert testimony that

they plan to introduce (i.e. Tasers or use of force).  This will allow the parties to early on retain

counter or rebuttal experts on the same general subject matter and thus reduce, if not eliminate,

the need for rebuttal expert reports.  This requirement does not require the parties to identify the

experts of describe the substance of their opinions by this deadline.

  d.  **Discovery Cut Off**. All discovery in this case shall be initiated so that

it will be completed on or before  August 7, 2009 . The Court encourages the parties to serve and

respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the

limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

  e.  **Discovery Disputes**. Should counsel find they are unable to resolve a

discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173 to

schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party

seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in

dispute and its position on those issues. (The Court does not seek extensive argument or

authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.)  Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. **Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s).** Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4. **Application to Court for Protective Order**.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within  ten (10)  days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

> **Other Proceedings**. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. **Papers Filed Under Seal**. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. **ADR Process**. To be discussed during the Rule 16 scheduling conference.

7. **Interim Status Reports**. On _____, 200_, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. **Status Conference**. On _____, 200_, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at _____ _.m.  Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

9. **Case Dispositive Motions**. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before  September 18, 2009 . Briefing will be presented pursuant to the Court's Local Rules.

10. **Applications by Motion**. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Pretrial Conference**. On _____, 200_, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at ____ _.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of

5

Final Pretrial Order which accompanies this Scheduling Order on or before _____,

200_.

     12.  **Motions in Limine**. Motions in limine shall not be separately filed. All in limine

requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be

limited to five in limine requests, unless otherwise permitted by the Court.  The in limine request

and any response shall contain the authorities relied upon; each in limine request may be

supported by a maximum of three pages of argument and may be opposed by a maximum of

three pages of argument. If more than one party is supporting or opposing an in limine request,

such support or opposition shall be combined in a single three (3) page submission, unless

otherwise ordered by the Court. No separate briefing shall be submitted on in limine requests,

unless otherwise permitted by the Court.

     13.  **Jury Instructions, Voir Dire, and Special Verdict Forms**. Where a case is to be

tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire,

instructions to the jury, and special verdict forms and jury interrogatories three full business days

before the final pretrial conference. That submission shall be accompanied by a computer

diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special

verdict forms, and jury interrogatories.

     14.  **Trial**.  This matter is scheduled for a  twelve (12)   day jury trial beginning at 9:30

a.m. on _____, 200__ with the remaining trial days beginning at 9:00 a.m. For the

purpose of completing pretrial preparations, counsel should plan on each side being allocated a

total of ____ hours to present their case.

                                              _____

                                            **UNITED STATES MAGISTRATE JUDGE**