IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAINE HALE, et al., : | |
| : | |
| Plaintiffs, : | |
| : | C.A.No. 07-166-*** |
| v. : | |
| : | |
| Lieutenant WILLIAM BROWNE, et al., : | |
| : | **Jury Trial Demanded** |
| Defendants. : | |

**JOINT PROPOSED RULE 16 SCHEDULING ORDER**

This ____ day of August, 2007, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on August 7, 2007, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard**. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within  ten (10)  days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. **Joinder of Other Parties and Amendment of Pleadings**. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before  January 18, 2008 .

3. **Discovery**.

    a. **Fact Discovery**. All fact discovery shall be instituted so as to be completed no later than February 10, 2009.

    b. **Expert Discovery**.

        i. **Plaintiffs' Identification of Economic Experts**. Plaintiffs shall identify and provide reports of all experts they will call in support of their claims of economic damages on or before March 1, 2008. Along with the submission of expert reports, plaintiffs shall advise defendants of the dates and times their economic experts are available for deposition.

        ii. **Identification of the Subject Matter of Proposed Expert Testimony**. On or before August 15, 2008, the parties will identify the general subject matter of expert testimony that they plan to introduce (i.e. Tasers or use of force). This will allow the parties to early on retain counter or rebuttal experts on the same general subject matter and thus reduce, if not eliminate, the need for rebuttal expert reports. This requirement does not require the parties to identify the experts of describe the substance of their opinions by this deadline.

        iii. **Identification of Experts**. Other than plaintiffs' economic experts, the parties shall identify and provide reports for all experts they intend to call at trial no or before March, 17, 2009. Along with the submission of expert reports, each party shall advise the other parties of the dates and times their experts are available for deposition.

        iv. **Submission of Rebuttal Expert Reports**. The parties shall identify and provide reports of any experts who will be called to rebut expert testimony on or before April 24, 2009.

        v. **Expert Depositions**. Depositions of all experts shall be completed on

or before June 24, 2009.

      vi. **Daubert Objections.** To the extent any objection to expert testimony is made pursuant to the principles announced in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    c. **Discovery Disputes**. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.)  Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. **Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s).** Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

  4. **Application to Court for Protective Order**.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within  ten (10)  days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first

3

follow the provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

> **Other Proceedings**. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. **Papers Filed Under Seal**. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. **ADR Process**. To be discussed during the Rule 16 scheduling conference.

7. **Interim Status Reports**. On _____, 200_, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. **Status Conference**. On _____, 200_, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at _____ _.m.  Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

9. **Case Dispositive Motions**. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before July 24, 2009.

Any party opposing a case dispositive motion shall serve and file an answering brief within thirty (30) days after service of the opening brief. The moving party shall serve and file any reply brief within fifteen (15) days after service of the answering brief. Nothing herein shall preclude a party from filing a dispositive motion before <u>July 24, 2009</u>.

    10. **Applications by Motion**. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

    11. **Pretrial Conference**. On _____, 200_, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at ___ _.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before _____, 200_.

    12. **Motions in Limine**. Motions in limine shall not be separately filed. All in limine requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five in limine requests, unless otherwise permitted by the Court. The in limine request and any response shall contain the authorities relied upon; each in limine request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three (3) pages of argument. Defendants are requesting an expansion of the page limit to five (5) pages of argument. If more than one party is supporting or opposing an in limine request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise

ordered by the Court. No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

       13. **Jury Instructions, Voir Dire, and Special Verdict Forms**. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

       14. **Trial**.  Pursuant to the parties joint request, this matter is scheduled for a  twelve (12)  day jury trial beginning at 9:30 a.m. on _____, 200__ with the remaining trial days beginning at 9:00 a.m. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of ___ hours to present their case.

                                                         **UNITED STATES MAGISTRATE JUDGE**