IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAINE HALE, Individually and as Administratrix of the Estate of Derek J. Hale, DENNIS W. HALE, and CONNIE M. HALE,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Lieutenant WILLIAM BROWN; Sergeant ANGEL ALVERIO; Corporal HECTOR CUADRADO; Corporal ROBERT CUNNINGHAM; Corporal CHARLES EMORY, JR.; Corporation MITCHELL RENTZ; Corporal JEFFREY SILVERS; Corporal JOSEPH LEARY; Corporal RANDOLPH PFAFF; Corporal DANNY SILVA; Chief MICHAEL J. SZCZERBA, in his official capacity; CITY OF WILMINGTON, a municipal corporation; Lieutenant PATRICK OGDEN; Sergeant DARREN LESTER; Sergeant RANDALL HUNT; Sergeant ALBERT PARTON; Detective VINCENT CLEMONS; Detective DAVID CHORLTON; Captain CHARLES J. SIMPSON; Major ALBERT HOMIAK; Major JOSEPH PAPILI; Colonel THOMAS F. MacLEISH, individually and in his official capacity; DIVISION OF STATE POLICE, DEPARTMENT OF SAFETY AND HOMELAND SECURITY, STATE OF DELAWARE,<br><br>　　　　Defendants. | Case No. 07-166-***<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF SUBPOENA

TO:　　Ralph J. Durstein, III, Esquire　　　　Robert Jacobs, Esquire
　　　　Department of Justice　　　　　　　　Thomas C. Crumplar, Esquire
　　　　Carvel State Office Building　　　　　Jacobs & Crumplar, P.A.
　　　　820 North French Street　　　　　　　Two East Seventh Street, Suite 400
　　　　Wilmington, DE  19801　　　　　　　Wilmington, DE 19801

RLF1-3240221-1

Thomas S. Neuberger, Esquire
Stephen J. Neuberger, Esquire
The Neuberger Firm, P.A.
Two East Seventh Street, Suite 302
Wilmington, DE 19081

PLEASE TAKE NOTICE that on January 4, 2008, pursuant to Fed. R. Civ. P. 45, the attached subpoena was caused to be served on Office of the Chief Medical Examiner, Forensic Sciences Laboratory, 200 South Adams Street, Wilmington, Delaware 19801.

OF COUNSEL:

Rosamaria Tassone
City of Wilmington Law Department
City/County Building, 9th Floor
800 N. French Street
Wilmington, Delaware 19801
302-576-2175

Dated: January 4, 2008

John A. Parkins, Jr. (#859)
C. Malcolm Cochran, IV (#2377)
Steven J. Fineman (#4025)
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
302-651-7700
Parkins@rlf.com
Cochran@rlf.com
Fineman@rlf.com
Attorneys for Defendants William Brown, Angel Alverio, Hector Cuadrado, Robert Cunningham, Charles Emory, Jr., Mitchell Rentz, Jeffrey Silvers, Joseph Leary, Randolph Pfaff, Danny Silva, Michael J. Szczerba and City of Wilmington

2

RLF1-3240221-1

Q88 (Rev. 1/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| ELAINE HALE, et al. | SUBPOENA IN A CIVIL CASE |
|---|---|
| Plaintiffs, | Case Number:[1] Case No. 07-166-*** |
| v. | |
| Lieutenant WILLIAM BROWN, et al. | |
| Defendants. | |

TO:   Office of the Chief Medical Examiner
      Forensic Sciences Laboratory
      200 South Adams Street
      Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

■ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE ATTACHMENT 1

| PLACE   Richards, Layton & Finger<br>920 North King Street<br>One Rodney Square<br>Wilmington, DE 19801 | DATE AND TIME:<br>February 8, 2008 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>John A. Parkins, Jr., Esquire, Attorney for City Defendants | DATE   January 4, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John A. Parkins, Jr., Esquire, Richards, Layton & Finger, 920 North King Street, One Rodney Square, Wilmington, DE 19801, 302-651-7624

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d) and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number

RLF1-3240203-1

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

RLF1-3240203-1

## ATTACHMENT 1

1.  Copies of all notes, drawings, reports, memoranda or other writings prepared in connection with the autopsy of Derek Hale (D.O.B. October 2, 1981) performed on or about November 7, 2006.

2.  Copies of all video and audio recordings made during the autopsy of Derek Hale.

3.  Copies of all photographs taken during the autopsy of Derek Hale.

RLF1-3240203-1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

**BY HAND DELIVERY**
Ralph J. Durstein, III, Esquire
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE 19801

**BY HAND DELIVERY**
Thomas S. Neuberger, Esquire
Stephen J. Neuberger, Esquire
The Neuberger Firm, P.A.
Two East Seventh Street, Suite 302
Wilmington, DE 19081

**BY HAND DELIVERY**
Robert Jacobs, Esquire
Thomas C. Crumplar, Esquire
Jacobs & Crumplar, P.A.
Two East Seventh Street, Suite 400
Wilmington, DE 19801

/s/ John A. Parkins, Jr.
John A. Parkins, Jr. (#859)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Fineman@rlf.com

3