**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ELAINE HALE, et al., | : |
| | : |
|     Plaintiffs, | : |
| | : |
|     v. | :    C.A.No. 07-166-GMS |
| | : |
| Lieutenant WILLIAM BROWNE, et al., | : |
| | : |
|     Defendants. | : |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

On January 18, 2008, plaintiffs filed their Motion to Amend the First Amended
Complaint (D.I. 20) pursuant to Federal Rule of Civil Procedure 15(a). (D.I. 53). Thereafter, on
January 25, 2008, defendants filed their response which does not oppose plaintiff's Motion, but
rather asks the Court to grant partial summary judgment as to three previously named defendants.
(D.I. 54 (hereinafter "Defs. Mot.")). Discovery in this case is still in its initial phases. Plaintiffs
have not had the opportunity to review the "voluminous" collection of documents still being
produced by defendants, or conduct depositions of any of the individual defendants at issue.
More importantly, defendants have still failed to provide Plaintiffs with all of three of the
defendants signed affidavits in support of their claims of noninvolvement. Accordingly,
defendants' motion for partial summary judgment should be denied.

**A.    Defendants' Opposition in Limited in Scope.**

1.    Defendants do not object to the inclusion of Captain Robert Coupe,
Corporal Chris Popp, and Mark Lewis. (Defs. Mot. at ¶ 1). Further, defendants do not object to
the amended "state-created danger" claim. (Id. at ¶ 2). Defendants' response focuses instead on
changes that they believe plaintiffs *should* make, instead of the modifications plaintiffs *did* make.

Accordingly, plaintiffs will limit their reply to address only those allegations raised in defendants' request for partial summary judgment as to defendants Lester, Simpson, and Parton.

2.     Defendants ask the Court to grant summary judgment with regard to defendants Parton, Lester and Simpson and accompany their motion with "affidavits." (Defs.' Exs. H-J). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2).

**B.     Corrected Statement of the Record as to Defendants Lester, Simpson, and Parton.**

3.     On October 23, 2007, defendants sent a letter to plaintiffs requesting the voluntary dismissal of Defendants Lester, Simpson, and Parton due to their alleged lack of involvement in the death of Derek Hale. (Defs.' Ex. B). Defendants' counsel stated that it could provide affidavits from these individuals to substantiate counsel's representations. (*Id.* at 2). On December 4, 2007, plaintiffs sent a letter to defendants' counsel requesting the affidavits from all three individual defendants. (*See Letter to R. Durstein from C. Hertzog, dated Dec. 4, 2007* (attached hereto as Pls.' Ex. A)). Plaintiffs indicated their shared desire to resolve this situation, and reasonably requested signed affidavits from each defendant prior to granting defendants' request for voluntary dismissal.

4.     On December 12, 2007, defendants provided plaintiffs with a signed affidavit of Darren Lester. (*See Letter to C. Hertzog from R. Durstein, with attachments, dated Dec. 12, 2007* (attached hereto as Pls.' Ex. B)). On January 3, 2008, defendants provided plaintiffs with a signed affidavit of Charles Simpson. (*See Letter to T. Neuberger from J. Lardner, with attachments, dated Jan. 3, 2008* (attached hereto as Pls.' Ex. C)).

5.      On January 15, 2008, plaintiffs contacted defendants both to provide a copy of the proposed amended complaint and to express concerns about dismissing Sgt. Parton. (*See email to J. Parkins and R. Durstein from T. Neuberger* (Defs.' Ex. E)). Defendants unreasonably withheld their previously indicated consent to the amended complaint, insisting that plaintiffs remove all three defendants. (*See email to C. Hertzog, et al. from R. Durstein* (Defs.' Ex. F)).

6.      Defendants have never provided plaintiffs with a signed copy of Parton's affidavit. In fact, the affidavits accompanying defendants' Response were all unsigned. (*See* Def. Exs. H-J). While defendants later submitted corrected affidavits from Lester and Simpson, they have still failed to proffer a signed affidavit from Parton indicating his lack of involvement in both the investigation and subsequent death of Derek Hale. (*See Letter from J. Mitchell to N. Looby, with attachments, dated Jan. 25, 2008* (attached hereto as Pls.' Ex. D)).

**C.      Summary Judgment is Inappropriate Against Defendant Parton.**

7.      With regard specifically to defendant Parton, defendants failed to submit an affidavit in accordance with Rule 56(e)(1) to support their motion for partial summary judgment. Instead, defendants submitted an *unsigned, draft* affidavit. (Defs.' Ex. J).

8.      When an affidavit is unsigned it cannot be considered by the district court as proper evidence in support of a motion for summary judgment. Pension Ben. Guaranty Corp. v. Heppenstall Co., 633 F.2d 293, 300 (3d Cir. 1980). "In fact, an 'unsigned affidavit' is a contradiction in terms." Mason v. Clark, 920 F.2d 493, 495 (8th Cir. 1990). "By definition an affidavit is a "sworn statement in writing made ... under an oath or on affirmation before ... an authorized officer." Id. (citing to *Webster's Third New International Dictionary 35 (1965)*). Accordingly, "the affidavit cannot be considered as evidence which might raise a genuine dispute

of material fact precluding summary judgment." D'Ambrosio v. Chicago Truck Drivers, 1990

WL 119461, *2 (N.D.Ill.1990); Union Trust Co. of Maryland v. Wakefern Food Corp., 1989 WL

120756, *28 (D.N.J. 1989); Dugan v. Pennsylvania Millers Mut. Ins. Co., 871 F.Supp. 785, 792

(M.D.Pa. 1994).

      9.     Moreover, plaintiffs' counsel never received an affidavit detailing Parton's

alleged non-involvement despite receiving letters from defense counsel saying it was

forthcoming. (*See* Defs.' Ex. B and D).  It was not until defendants filed their response did they

attempt to secure an affidavit from Parton, despite having months to do so.

      10.    Defendants have not offered any sworn testimony from defendant Parton stating

his alleged non-involvement with the investigation of Derek Hale.  Therefore, since defendants'

Motion regarding defendant Parton is not properly made and supported, plaintiffs rely on the

allegations set forth in the complaint.  No evidence exists to support the dismissal of defendant

Parton and summary judgment should be denied.

**D.**    **Summary Judgment is Inappropriate Against All Defendants.**

      11.    Since discovery and depositions are in their beginning phases, summary judgment

is premature without the depositions of these three defendants.  "Summary judgment is

appropriate only when, after viewing the evidence in the light most favorable to the non-moving

party, the court can conclude that 'it is quite clear what the truth is, that no genuine issue remains

for trial.'" Owens v. Aetna Life & Cas. Co., 654 F.2d 218, 236 n.4 (3d Cir. 1981) (citing Poller v.

Columbia Broadcasting System, Inc., 368 U.S. 464, 467 (1962)).  Thus, when the existence of

material fact issues is uncertain, summary judgment is improper. See Wright-Moore Corp. v.

Ricoh Corp., 908 F.2d 128, 136 (7th Cir. 1990) (holding summary judgment improper when fact

issues were unclear).

12.    Additionally, summary judgment must be used carefully to protect a litigant's

rights. Susman v. South Tex. Package Stores Ass'n., 33 F.R.D. 340, 343 (S.D.Tex. 1963).  If

summary judgment is granted and the three defendants are dismissed as a result, plaintiffs will be

forever bared from pursuing a cause of action against them should evidence later surface that

points to their involvement. See Martucci v. Mayer, 210 F.2d 259, 260 (3d Cir. 1954) ("A

judgment under Rule 56 goes to the merits and operates in bar of the cause of action, not in

abatement.").  Accordingly, since the grant of defendants' summary judgment motion could

operate to bar all causes of action against these three defendants, plaintiffs should be entitled to

explore in detail their involvement, or lack of involvement, before they are dismissed.

13.    Regarding specifically defendant Parton, even assuming, *arguendo*, that the Court

could consider Parton's unsigned affidavit in support of defendants' summary judgment motion,

a material issue of fact exists.  Defendants admit that as a SORT officer, Parton was involved in

the "arrests of Hale's co-conspirators and the execution of search warrants." (Def. Mot. at ¶ 5).

Likewise, as defendants' counsel admits "it is conceivable that he participated in the seizure of

drugs or weapons that would be used as evidence against Hale." (*See Email to Plaintiffs' counsel*

*from R. Durstein, dated Feb. 6, 2008* (attached hereto as Pls.' Ex. E)).  Further, defense counsel

has recently agreed to the deposition of Parton. (*See Email to Plaintiffs' counsel from R.*

*Durstein, dated Feb. 7, 2008* (attached hereto as Pls.' Ex. F)).  Thus, given Parton's admitted

involvement with the investigation and his forthcoming deposition, it is inappropriate to release

him and justice requires that plaintiff have the opportunity to explore the extent of his

involvement prior to summarily dismissing him from the case.

14.    Lastly, regarding defendants Lester and Simpson, the Court must protect

plaintiffs' right to amend the Complaint to include these two individuals.  As discussed above, if

summary judgment is granted,  plaintiffs will be forever bared from pursuing a cause of action against them should evidence surface that points to their involvement.  Plaintiffs are unsatisfied that defendants Lester and Simpson were completely removed from the investigation leading to the death of Derek Hale.  For example, defendant Lester states in his affidavit that he was transferred from the Special Investigations Unit ("SIU") on May 8, 2006 "before the investigation moved forward from the concept stage." (*See* Defs.' Ex. H p.2).  This leads to the conclusion that he was involved somehow in the conceptualization of the investigation. Likewise, defendant Simpson was the Commander of the Troop 2 Criminal Investigations Unit, formerly SIU, until May 6, 2008 when he was transferred. (*Id.* Ex. I p.1).  This is the exact same timeframe defendant Lester stated the investigation was in the "concept stage." (*Id.* Ex. H p.2). Therefore, as Commander of the SIU and participant in the conceptualization of the investigation, plaintiff should at the very least be able to depose Lester and Simpson to determine the extent of their involvement.  Accordingly at this stage, since depositions are just beginning and a material issue of fact exists, summary judgment is inappropriate.

15.     Plaintiffs share in defendants' desire to name the proper parties.  They ask, therefore, that they be permitted to confirm the validity of defendants' representations before considering whether these parties should be dismissed.

**E.     Conclusion**

16.     Therefore, for the reasons discussed above, the Court should deny defendants' Motion for Summary Judgment and allow discovery to proceed against defendants Lester, Simpson and Parton.

**THE NEUBERGER FIRM, P.A.**

/s/ Thomas S. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
**CHERYL A. HERTZOG, ESQ. (*Pro Hac Vice*)**
Two East Seventh Street, Suite 302
Wilmington, DE  19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com
CherylH@NeubergerLaw.com

**ARNOLD & PORTER L.L.P.**

**RANDAL SHAHEEN, ESQ.**
**RYAN RICHARDSON, ESQ.**
**JENNIFER RISEN, ESQ.**
555 12th Street, NW
Washington, DC  20004
(202) 942-5000 (phone)
(202) 942-5999 (fax)

**OF COUNSEL:**

**JOHN W. WHITEHEAD, ESQ.**
**DOUGLAS MCKUSICK, ESQ.**
**THE RUTHERFORD INSTITUTE**
P.O. Box 7482
Charlottesville, Virginia  22906
(434) 978 3888

*Attorneys for Plaintiffs Elaine Hale and the Estate of Derek
J. Hale and cooperating attorneys for The Rutherford
Institute*


**JACOBS & CRUMPLAR, P.A.**

 /s/ Thomas C. Crumplar
**ROBERT JACOBS, ESQUIRE (#244)**
**THOMAS C. CRUMPLAR, ESQUIRE (#942)**
Two East Seventh Street, Suite 400
Wilmington, DE 19801
(302) 656-5445

Bob@JandCLaw.com
Tom@JandCLaw.com

*Attorneys for Plaintiffs Dennis W. Hale and
Connie M. Hale*

Dated: February 8, 2008

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas S. Neuberger, being a member of the bar of this Court do hereby certify that on

February 8, 2008, I electronically filed this **Response** with the Clerk of the Court using CM/ECF

which will send notification of such filing to the following:

John A. Parkins, Esq.                    Ralph Durstein, Esquire
Richards, Layton & Finger              Department of Justice
One Rodney Square                       Carvel State Office Building
920 N. King Street                      820 N. French Street
Wilmington, DE 19801                    Wilmington, DE 19801

/s/ Thomas S. Neuberger
**THOMAS S. NEUBERGER, ESQ.**

Hale / Pleadings / Motions / Response to Ds' SJ Motion

# PLAINTIFFS' EXHIBIT A

# THE NEUBERGER FIRM

### ATTORNEYS AND COUNSELLORS AT LAW

TWO EAST SEVENTH STREET
SUITE 302
WILMINGTON, DELAWARE 19801-3707

WWW.NEUBERGERLAW.COM
EMAIL: INFO@NEUBERGERLAW.COM

THOMAS S. NEUBERGER, ESQUIRE
STEPHEN J. NEUBERGER, ESQUIRE
RAEANN WARNER, ESQUIRE
CHERYL A. HERTZOG, ESQUIRE*

*(LICENSED IN PA AND NJ ONLY)

PHONE: (302) 655-0582
Fax: (302) 655-9329

December 4, 2007

**Via U.S. Mail**

Ralph Durstein, Esquire
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE 19801

**RE:**   **Hale et al. v. Browne et al., C.A.No. 07-166-*** (D.Del.)**

Dear Ralph:

I write in response to your October 23, 2007 letter to Steve.

We would like to take you up on your affidavit offer. Please send them over at your convenience.

The scheduling order indicates that the deadline to amend the Complaint is January 18, 2008. As counsel discussed during the meet and confer some months ago, plaintiffs intend to add a state created danger count to the Complaint and I hope we also can drop the uninvolved defendants and substitute new ones by that time. Although I expect Judge Thynge would agree to extend that deadline if the parties agree, hopefully we can get this issue wrapped up by then.

On another matter, where are we on document production? It appears that plaintiffs have not yet received any documents from the State defendants. The City defendants have already produced documents with the agreement that they will be treated as Attorneys' Eyes Only until a more formal confidentiality order is put in place (and I believe John Parkins' office is working on that). Would you agree to produce your documents in the same manner? Please let me know when we can expect to receive the documentary discovery.

Very Truly Yours,

Cheryl A. Hertzog

cc: Thomas S. Neuberger, Esq. (by hand)
  Thomas C. Crumplar, Esq. (by hand)
  John W. Whitehead, Esq., The Rutherford Institute (via E-mail)
  Arnold & Porter (via E-mail)
  John A. Parkins, Jr., Esq. (via U.S. Mail)

Hale / Letters / Durstein.01

# PLAINTIFFS' EXHIBIT B



**DEPARTMENT OF JUSTICE**
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

**JOSEPH R. BIDEN, III**
ATTORNEY GENERAL

CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
FRAUD DIVISION (302) 577-8600
FAX (302) 577-6499
TTY (302) 577-5783

New Castle County
Major Litigation Unit

Writer's Direct Dial: (302) 577-8510
FAX: (302) 577-5866

December 12, 2007

Cheryl A. Herzog, Esquire
Suite 302
2 East Seventh Street
Wilmington, DE 19801-3707

     Re:   <u>Hale v. Browne,</u> C.A. No. 07-166-***

Dear Cheryl:

Thanks for your letter of December 4 regarding the defendants Darren Lester, Charles J. Simpson, and Albert Parton in the above case.

I am enclosing a copy of the Affidavit executed by Darren Lester. I will shortly obtain signed affidavits from the other two defendants and forward them to you. I will then incorporate the affidavits into a motion for summary judgment as to these defendants.

With regard to document production, I had thought that Steve and I had reached agreement on a form of confidentiality agreement/order to govern production of the documents we assembled some time ago. I gather there are still some issues to be ironed out. I understand that John Parkins is also working on that. In the meantime, I am willing to produce the documents we have, with the understanding that access will be strictly limited to counsel and clients.

While it is always hard to "prove a negative", the absence of the names Lester, Simpson, and Parton from the reports, affidavits, and other documents we are providing speaks volumes, in terms of their lack of participation in the investigation of Hale and his co-defendants in the criminal prosecution. In addition, the documents confirm the roles played by individuals we have previously identified.

RECEIVED
DEC 1 4 2007
By_____

Please let me know if there is anything I can do to further the adoption of a confidentiality agreement/order governing document production in this case.

Very truly yours,

*Ralph K. Durstein III*

Ralph K. Durstein, III
Counsel for DSP Defendants

xc: John A. Parkins, Jr.
Sgt. Darren Lester
Sgt. Al Parton
Captain Chip Simpson

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAINE HALE, Individually and as | ) | |
| Administratrix of the Estate of Derek J. Hale; | ) | |
| et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 07-166 |
| | ) | |
| | ) | |
| Lieutenant WILLIAM BROWN; et al., | ) | |
| Defendants | ) | |

## Affidavit of Darren J. Lester

Sergeant Darren J. Lester of the Delaware State Police states as follows:

1. I have been a member of the Delaware State Police for 18 years, and have earned the rank of Sergeant.

2. I was transferred out of the Special Investigations Unit on or about May 8th of 2006, and sent to Troop 6 as a road Sergeant. I had no further duties or responsibilities with the SIU after that date.

3. Approximately two weeks later, in May of 2006, while on routine road patrol duty, I was struck head-on by an intoxicated driver (BAC=.17%), who was driving the wrong way on top of the Summit Bridge.

4. As a result of this accident, I sustained a very badly shattered right tibula and fibula and other related injuries, including two broken ribs, causing considerable pain and requiring extensive medical treatment.

5. I underwent reconstructive surgery on my leg on June 7, 2006, and was immobilized in an external fixator for five months, until mid-November of 2006.

6. I was off work totally until returning to light duty on January 1, 2007.

7. I am still currently on light duty and going through extensive physical therapy three times a week and aqua therapy the other days.

8. I played no part in the wiretap investigation leading to the indictment of 32 individuals and the identification of Derek Hale as a co-conspirator in a major drug ring. I was transferred from SIU before the investigation moved forward from the concept stage. I never read the wire interception affidavit, nor did I take part in any of the search warrants that were obtained and executed.

9. I have no knowledge of anything that transpired the date Mr. Hale died. On that date I was sitting on my couch at my house repositioning my right leg.

10. As a result of being falsely named in the Complaint filed in this case, myself and my family have been placed in potential danger and subjected to ridicule as a result of distorted accounts appearing in the news media, and I have improperly been forced to defend myself and to have my name removed from the caption of the Complaint. I believe that the Complaint was prepared based on false information, and that reasonable investigation would have revealed that I did not play any role in this investigation, and in fact could not have played any such role, due to my reassignment from SIU and my subsequent work-related injury.

BE IT REMEMBERED that on this 11th day of ___July___, 2007, personally appeared before me, the Subscriber, a Notary Public for the State and County aforesaid, **DARREN LESTER**, who, being by me duly sworn according to law did depose and say that the foregoing statement is correct to the best of her knowledge, information and belief.

_____
DARREN LESTER

SWORN TO AND SUBSCRIBED before me on this 11 day of ___July___, 2007

_____
Notary Public

VALERIE D. DAVIS
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires July 28, 2011

# PLAINTIFFS' EXHIBIT C



**DEPARTMENT OF JUSTICE**
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
TTY (302) 577-5783

**JOSEPH R. BIDEN, III**
ATTORNEY GENERAL

January 3, 2008

Thomas S. Neuberger, Esq.
The Neuberger Firm, P.A.
2 E. Seventh Street, Suite 302
Wilmington, DE  19801

> Re:    **Elaine Hale v. Lt. William Brown, et al.**
>          **C.A. No. 07-166**

Dear Mr. Neuberger:

Enclosed please find a copy of the sworn affidavit of Cpt. Charles J. Simpson pertaining to the above-referenced case.

Very truly yours,

Janis M. Lardner
Administrative Specialist

/jml

Enclosure

I:\ralph.durstein\Litigation\Hale v DSP\Correspondence\ltr Neuberger. Simpson affidavit.doc

RECEIVED
JAN 0 7 2008
By_____

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

ELAINE HALE, Individually and as            )
Administratrix of the Estate of Derek J. Hale;    )
et al.,                                      )
                                             )
          Plaintiffs,                        )
                                             )
                    v.                       )          No. 07-166-***
                                             )
                                             )
Lieutenant WILLIAM BROWN; et al.,            )
          Defendants                         )

### Affidavit of Charles J. Simpson

Captain Charles J. Simpson of the Delaware State Police states as follows:

1.  I have been a member of the Delaware State Police for 27 years, and have earned the rank of Captain.

2.  I was the Commander of the Special Investigations Unit of the Delaware State Police, operating out of Troop #2, until May 5, 2006.

3.  On May 5, 2006, I was reassigned to Delaware State Police Troop #4 in Georgetown, as Troop Commander.

4.  I was succeeded as Commander of the Troop 2 Criminal Investigative Unit (formerly the Special Investigations Unit) by Captain Robert Coupe.

5.  I had no role or involvement in the investigation of the Pagan Motorcycle Club that culminated in the indictment and prosecution of numerous individuals and the Identification of Derek Hale as an unindicted co-conspirator.

6.  I had no role or involvement in the apprehension of Derek Hale or in the shooting death of Mr. Hale.

7.  I have reviewed the Complaint filed by the plaintiff in this matter. The allegations concerning my participation in the Pagan investigation are false.

BE IT REMEMBERED that on this _2_ day of _JANUARY_, 2007,

personally appeared before me, the Subscriber, a Notary Public for the State and County

aforesaid, **CHARLES J. SIMPSON**, who, being by me duly sworn according to law did

depose and say that the foregoing statement is correct to the best of her knowledge,

information and belief.

_Charles J._

CHARLES J. SIMPSON

SWORN TO AND SUBSCRIBED before me on this _2_ day of _January_, 2007 8

_Constance L Dick_

Notary Public

# PLAINTIFFS' EXHIBIT D



DEPARTMENT OF JUSTICE
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
FRAUD DIVISION (302) 577-8600
FAX (302) 577-6499
TTY (302) 577-5783

JOSEPH R. BIDEN, III
ATTORNEY GENERAL

January 25, 2008

Neil Looby
Case Manager
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

     **Re: Elaine Hale, et al. v. Lieutenant William Browne, et al.**
       **C.A. No. 07-166\*\*\***

Dear Mr. Looby:

     In regards to the above referenced case, attached please find the signed affidavits of Darren J. Lester and Charles J. Simpson. The signed affidavits are to replace the draft affidavits filed today January 25, 2008 as Exhibits H and I respectively in the Response of the Defendants Lester, Simpson and Parton in Opposition to Plaintiff's Motion to Amend Complaint (Docket Number 54).

     If you have any questions, please feel free to call me.

               Very truly yours,

               Jennifer Mitchell
               Senior Paralegal

/jml
Attachments
Cc: Stephen J. Neuberger, Esq.- CM/ECF
     Thomas S. Neuberger, Esq.- CM/ECF
     John A. Parkins, Esq.- CM/ECF
     Rosamaria Tassone, Esq. – U.S. Mail

I:\ralph.durstein\Litigation\Hale v DSP\Motions\ltr. Looby.case mngr. signed affidavits.doc

PLAINTIFFS'
EXHIBIT
E

**Cheryl Hertzog**

---

**From:**   Durstein III Ralph (DOJ) [Ralph.Durstein@state.de.us]
**Sent:**   Wednesday, February 06, 2008 1:08 PM
**To:**   Cheryl Hertzog
**Cc:**   Seifert Mark W (DSP)
**Subject:**   RE: Hale v. Browne

**Cheryl:**

**I was hoping that we would have a ruling soon from the Court on the Motion for Leave to Amend that would give some clarity to the status of Al Parton in this case, and perhaps persuade you of the futility in taking his deposition. As his affidavit makes clear, he won't be able to tell you anything about either the investigation or the shooting of Hale. He did participate in the arrest of some of Hale's co-conspirators, and in the execution of search warrants that yielded evidence utilized in the criminal case. It is conceivable that he participated in the seizure of drugs or weapons that would be used as evidence against Hale, but the best witness on that would be the search warrant affiant. I will sound him out on available dates in March. My own schedule isn't too bad. Did you have any specific dates in mind?**

**It would also be helpful to have some guidance from the Court on Darren Lester and Chip Simpson. Unlike Al Parton, neither had any role whatsoever in the apprehensions or seizures, and, like Parton, they were not involved in the drug and organized crime investigation that included Hale. Their affidavits clearly reflect that, and I have provided the names of their successors. Tom Neuberger had previously indicated that he would voluntarily dismiss them from the case, but that hasn't happened. Now you want to take their depositions? I must be missing something. Before I attempt to deal with scheduling, could you give me some idea where you are going with this? I want to try and cooperate in discovery, but this would be a total waste of time — theirs and ours.**

**Are you going to want to schedule depositions of the remaining DSP defendants and potential witnesses who <u>did</u> participate in the drug and organized crime investigation? If you can give me an idea who (beyond those currently scheduled) you want and when, I can begin to sound them out. Their schedules can be challenging, as most of them still have SIU duties, and some may be needed in the criminal prosecutions arising out of the Hale investigation. But I'm sure we can work out mutually-convenient dates.**

**Ralph K. Durstein III**
**Deputy Attorney General**

---

**From:** Cheryl Hertzog [mailto:CherylH@neubergerlaw.com]
**Sent:** Wednesday, February 06, 2008 12:15 PM
**To:** Cheryl Hertzog; Durstein III Ralph (DOJ); Parkins, John
**Cc:** Thomas S. Neuberger; x_halestorm@aporter.com
**Subject:** RE: Hale v. Browne

Ralph,

I have not yet received a response to my request for agreeable dates to depose defendant Parton. Along these same lines, plaintiff would like also to depose defendants Lester and Simpson in March.

Please let me know at least two dates in March that work best for you so I may notice these depositions in a timely fashion.

Thank you,

~ Cheryl

---

**From:** Cheryl Hertzog
**Sent:** Monday, January 28, 2008 11:45 AM
**To:** 'Durstein III Ralph (DOJ)'; 'Parkins, John'
**Cc:** Thomas S. Neuberger; 'HaleStorm (x_halestorm@aporter.com)'; 'Thomas Crumplar'
**Subject:** Hale v. Browne

Ralph,

As you see I have noticed the depositions of Mark Lewis and Chris Popp on the agreed upon dates. Plaintiff would also like to notice the deposition of Sgt. Al Parton sometime in March. Could you please give us a date in March that works best for you?

Thank you,

~ Cheryl

~~~~~~~~~~~~~~~
Cheryl A. Hertzog, Esq.
* Licensed in PA and NJ only

The Neuberger Firm, P.A.
Attorneys and Counsellors at Law
Two East Seventh Street, Suite 302
Wilmington, DE  19801-3707
Phone 302.655.0582
Fax 302.655.9329
Email: CherylH@NeubergerLaw.com

PLAINTIFFS'
EXHIBIT
F

**Cheryl Hertzog**

| | |
|---|---|
| **From:** | Durstein III Ralph (DOJ) [Ralph.Durstein@state.de.us] |
| **Sent:** | Thursday, February 07, 2008 10:21 AM |
| **To:** | Cheryl Hertzog |
| **Cc:** | Parton Alfred (DSP) |
| **Subject:** | RE: Hale v. Browne |

**Cheryl:**

**Al Parton is available anytime in March, except for the week of March 10-14, when he is in training. My calendar is clear as well, except for March 21.  Let me know what date/time is good for you.**

**Dirk**

---

**From:** Cheryl Hertzog [mailto:CherylH@neubergerlaw.com]
**Sent:** Wednesday, February 06, 2008 12:15 PM
**To:** Cheryl Hertzog; Durstein III Ralph (DOJ); Parkins, John
**Cc:** Thomas S. Neuberger; x_halestorm@aporter.com
**Subject:** RE: Hale v. Browne

Ralph,

I have not yet received a response to my request for agreeable dates to depose defendant Parton.  Along these same lines, plaintiff would like also to depose defendants Lester and Simpson in March.

Please let me know at least two dates in March that work best for you so I may notice these depositions in a timely fashion.

Thank you,

~ Cheryl

---

**From:** Cheryl Hertzog
**Sent:** Monday, January 28, 2008 11:45 AM
**To:** 'Durstein III Ralph (DOJ)'; 'Parkins, John'
**Cc:** Thomas S. Neuberger; 'HaleStorm (x_halestorm@aporter.com)'; 'Thomas Crumplar'
**Subject:** Hale v. Browne

Ralph,

As you see I have noticed the depositions of Mark Lewis and Chris Popp on the agreed upon dates. Plaintiff would also like to notice the deposition of Sgt. Al Parton sometime in March. Could you please give us a date in March that works best for you?

Thank you,

~ Cheryl

~~~~~~~~~~~~~~~
Cheryl A. Hertzog, Esq.
* Licensed in PA and NJ only

The Neuberger Firm, P.A.

Attorneys and Counsellors at Law
Two East Seventh Street, Suite 302
Wilmington, DE  19801-3707
Phone 302.655.0582
Fax 302.655.9329
Email: CherylH@NeubergerLaw.com